IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/ GREENWOOD DIVISION

| | | |
|---|---|---|
| Amy Marie Mizzell, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 8:16-cv-3961-TLW |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Nancy A. Berryhill, Acting Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff, Amy Marie Mizzell ("Plaintiff"), brought this action pursuant to 42 U.S.C. §§ 1383(c)(3) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), ECF No. 1, denying her claims for supplemental security income benefits. R. 12-31. This matter is before the Court for review of the Report and Recommendation ("the Report") filed on January 9, 2018, by United States Magistrate Judge Jacquelyn D. Austin, to whom this case had previously been assigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a), (D.S.C.). ECF No. 15. In the Report, the Magistrate Judge recommends affirming the Commissioner's decision. *Id.* Plaintiff filed "Plaintiff's Exceptions" (Objection) to the Report on January 19, 2018. ECF No. 16. The Commissioner filed a reply on February 2, 2018. ECF No. 17. The matter is now ripe for disposition.

The Court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The Court has carefully reviewed the Magistrate Judge's Report and Recommendation, the objection thereto, and all other relevant filings and memoranda. Plaintiff objects that the Vocational Expert's ("VE") identification of the occupation "production sampler, weigher, and tester" conflicts with the Dictionary of Occupational Titles number 701.687-014. ECF No. 16. In the responsive briefings, both parties state the Magistrate Judge did not address the [Plaintiff's] claim of conflict between the occupation of "production sampler, weigher, and tester" and DOT number 701.687-014. ECF Nos. 16, 17. However, after a review of the Report and the relevant filings, it is clear to this Court that it is implicit in the Magistrate Judge's analysis that she did address the specific conflict between the occupation of "production sampler, weigher, and tester" and DOT number 701.687-014. The Magistrate Judge correctly determined this error was harmless. ECF No. 15 at n.7 ("Further, any conflict based on the VE's identification of the occupation of production samplers, weighers, and testers is harmless because the VE identified other jobs Plaintiff could perform.").

The language in the Report that is relevant to the conclusion that the error alleged by the Plaintiff is harmless and to the conclusion that the report should be accepted is as follows: "[T]here

were jobs that existed in significant numbers that Plaintiff could perform . . . The Court notes Plaintiff does not argue a conflict exists with respect to the occupation of graders and sorters, another job the VE identified as one the Plaintiff could perform." ECF No. 15 at 19, n.7. This Court further notes the VE testified there were 52,000 jobs available in the national economy associated with the occupation of "graders and sorters" and 250,000 jobs in the national economy associated with the occupation of "assembler" that the Plaintiff could perform. R. 1462. Importantly, Plaintiff has not, at any stage, challenged the determination in the VE's testimony related to "graders and sorters." Additionally, Plaintiff has not raised any objection to the Magistrate Judge's analysis related to the occupation of "assembler." Therefore, as it is clear from the Magistrate Judge's analysis in the report and the Commissioner's briefing, even accepting the error raised by the Plaintiff's objection did occur, there is still substantial evidence to support the ALJ's determination that there are a substantial number of jobs in the national economy that Plaintiff can perform.

Therefore in summary, the Magistrate Judge fully addressed the issue raised in the Plaintiff's objection to the Report. Specifically, as stated by the Magistrate Judge, any error is harmless because the VE stated in his testimony that there are other jobs in the national economy the Plaintiff could perform. ECF No. 15 at 19. After careful consideration, the Court finds that the Administrative Law Judge's decision to deny benefits is supported by substantial evidence. It is hereby **ORDERED** that the Magistrate Judge's Report, ECF No. 15, is **ACCEPTED**, and Plaintiff's objection, ECF No. 16, is **OVERRULED**. For the reasons articulated by the Magistrate Judge, the Commissioner's decision is hereby **AFFIRMED**.

**IT IS SO ORDERED**.

_s/ Terry L. Wooten_____
TERRY L. WOOTEN
Chief United States District Judge

March 30, 2018
Columbia, South Carolina